# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>Kuang Bao Ou-Young<br><br>   Defendant. | Case No. 17-mj-70661-MAG-1<br><br>**ORDER RE DETENTION PROCEEDINGS PURSUANT TO 18 USC §3142(f)2** |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), the Government moved for detention of DEFENDANT KUANG BAO OU-YOUNG ("DEFENDANT"), and the Court on May 5th, 2017, held a detention hearing to determine whether any condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

The Court finds that there was not enough information provided to make a final detention determination, orders that additional information be provided as set forth below, continues the detention hearing to May 23, 2017, and, in light of the nature of allegations asserted against DEFENDANT and the observations of the COURT, orders the DEFENDANT detained until that date in accordance with 18 USC § 3142(f)2.

The DEFENDANT was arrested on May 1, 2017, and a Complaint setting forth the charges was filed on May 2, 2017. The Complaint alleges two counts in violation of 18 U.S.C. § 111, arising out of conduct that took place on May 1, 2017, at U.S. District Court, 280 S. First Street, San Jose, CA., 95113. Specifically the Complaint alleges that on May 1, 2017 DEFENDANT entered the courtroom of Edward J. Davila and loudly and in a disruptive manner demanded to see Judge Davila. DEFENDANT refused to comply with directions of the Court

Security Officers (CSOs), requiring the CSOs to physically remove DEFENDANT from the courtroom. Once outside the courtroom, DEFENDANT broke free of the CSOs and in the course of the CSOs attempting to regain control of DEFENDANT, DEFENDANT struck a CSO in the knee, groin and lip. Once the CSOs regained control of DEFENDANT, DEFENDANT was handcuffed and escorted off of the Court floor.

The Complaint also alleges that Defendant had previously engaged in disruptive behavior in Judge Davila's courtroom on April 27, 2017. Defendant has been identified by the Northern District of California as a vexatious litigant. *Ou-Young v. Roberts*, Case No. 3:13-cv-4442-EMC, Order (N.D. Cal. Dec. 20, 2013) (order granting motion to dismiss and declaring plaintiff a vexatious litigant).

As documented in the ECF records of this case, DEFENDANT initially appeared on May 2, 2017. A detention hearing was scheduled for May 5, 2017, and a full bail study was requested. Also on May 2, 2017, the Court was a provided a copy of OU-YOUNG's financial affidavit on which OU-YOUNG had written, in pertinent part:

> The attorney is not working on the signee's best interest. The court and the U.S. Attorney's office are colluded to frame the signee. Anything happening to the signee while he is in jail, is the responsibility (sic) of the attorney, the court, the U.S. attorney's office and US Marshal services.

On May 2, 2017, Pretrial Services attempted to interview DEFENDANT. However, DEFENDANT refused to be interviewed, demanding instead that a specific statement be reflected in the report. Unable to obtain information on potentially mitigating release conditions, Pretrial Services recommended detention. DEFENDANT's statement and behavior during the interview, which will not be set forth here in light of the confidentiality provisions of 18 U.S.C. § 3153(c)(1), along with DEFENDANT's refusal to be interviewed, further support a continuation of the detention hearing.

The detention hearing commenced on May 5, 2017, and was held publicly. The DEFENDANT was present at the detention hearing, represented by his attorney

James McNair Thompson (provisionally appointed from the Criminal Justice Act Panel). The Government was represented by Assistant U.S. Attorney Maia Perez. Both parties were allowed an opportunity to question witnesses and to present evidence. Both parties presented their arguments by way of proffer through counsel. DEFENDANT indicated by his words and actions that he was willing to be represented by Mr. McNair Thompson, and Mr. McNair Thompson, in response to the Court's inquiry, indicated that appointment of counsel was not an issue. The Court noted the continuing, provisional, appointment of Mr. McNair Thompson. Later in the proceedings DEFENDANT inquired if he could retain his own attorney, and he was informed that he could, but at no time did DEFENDANT object to Mr. McNair Thompson's representation of him in these proceedings.

In consideration of the assaultive nature of the allegations against DEFENDANT, together with the nature of statements made both on his financial affidavit and to Pretrial Services and the observations of this Court, the Court ORDERS AS FOLLOWS:

1. That Pretrial Services, in coordination and with the assistance of Mr. McNair Thompson, endeavor again to interview DEFENDANT OU-YOUNG. The Court explained to DEFENDANT that such an interview would provide a means of establishing whether there were conditions upon which DEFENDANT could be released pending trial;
2. That DEFENDANT undergo a mental evaluation at the direction of Pre-trial Services pursuant to an order filed herewith. The Court is informed that such an evaluation could be completed within two weeks.
3. That DEFENDANT is remanded to the custody of the U.S. MARSHALS pending the continued detention hearing.

///
///
///
///

3

Accordingly, the detention hearing is continued to May 23, 2017. In the event that information becomes available prior to that date that would inform detention proceedings, counsel may contact the court to advance the hearing.

**SO ORDERED.**

Dated: May 8, 2017

_____
SUSAN VAN KEULEN
United States Magistrate Judge