IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

          Plaintiff,

    v.

KUANG BAO OU-YOUNG,

          Defendant.

Case No. 17-cr-00263-MMC-1

**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS, DISQUALIFY, PROCEED PRO SE, AND WITHDRAW INSANITY DEFENSE**

Re: Dkt. Nos. 24, 29, 63

      Before the Court are three motions: (1) a motion, filed June 6, 2017, by defendant Kuang-Bao Ou-Young ("Ou-Young"), titled "Defendant's . . . Motion to Dismiss, Motion to Disqualify U.S. Attorney Brian J. Stretch and His Office, Motion to Disqualify Defendant's Council [sic], and Motion to Disqualify Judges" (Dkt. No. 24); (2) a motion, filed July 14, 2017, by Ou-Young, titled "Defendant's . . . Second Motion to Dismiss, Second Motion to Disqualify U.S. Attorney Brian J. Stretch and His Office, Second Motion to Disqualify Defendant's Counsel, and Second Motion to Disqualify Judges" (Dkt. No. 29); and (3) an untitled motion, filed January 9, 2018, by which Ou-Young seeks to "release[] attorney James M. Thompson [("Thompson")] as his counsel and proceed[] pro se" (see Dkt. No. 63 at 1), "withdraw[] any Notice of an Insanity Defense as well as any related motions . . . Thompson may have filed on [Ou-Young's] behalf" (see id.), dismiss the instant case, and disqualify the Court.[1]  Each such motion was filed by Ou-Young himself, not on his behalf by Thompson, his attorney of record.  The United States has filed opposition to Ou-Young's first and second motions, to which opposition both Ou-Young and Thompson

_____

[1] No notice of an insanity defense has been filed in the instant case.

have replied.[2]  The Court, having read and considered the parties' respective written submissions, rules as follows.

"[A] defendant cannot choose to represent himself if he is not competent to waive his constitutional right to counsel."  See United States v. Bishop, 291 F.3d 1100, 1114 (9th Cir. 2002).  For the same reasons, "a person whose competence to stand trial [is] in question . . . [can]not legally waive his right to counsel."  See United States v. Kowalczyk, 805 F.3d 847, 857–58 (9th Cir. 2015) (explaining "Congress through [18 U.S.C.] § 4247(d) has the authority to require representation by counsel for a defendant whose competency is in question during competency proceedings"); see also 18 U.S.C. § 4247(d) (providing, "[a]t a hearing ordered pursuant to this chapter [Chapter 313, titled "Offenders with Mental Disease or Defect"][,] the person whose mental condition is the subject of the hearing shall be represented by counsel").

Here, on June 7, 2017, at the initial status conference for the instant case, Thompson and government counsel jointly requested a competency evaluation for Ou-Young, which request the Court granted.[3]  See Crim. Mins., filed Jun. 7, 2017 (Dkt. No. 25).  Subsequently, following a competency hearing conducted pursuant to § 4247 on December 13, 2017, the Court found Ou-Young "is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to assist properly in his defense," see Order for Commitment and Restoration of Def., filed Dec. 19, 2017, at 1:18–20 (Dkt. No. 62), and, consequently, ordered Ou-Young committed to a medical facility "to determine whether there is a substantial probability . . . the defendant will attain the capacity to permit the proceedings to go forward" (see id. at 1:23–24); at said hearing, the Court also denied Ou-Young's oral motions to discharge

---

[2] No response has been filed with respect to Ou-Young's third motion.

[3] Approximately three weeks prior to the initial status conference, Thompson made his initial request for a determination of Ou-Young's mental competency.  (See Mot. for Hr'g on Def.'s Comp. and for Exam'n Before Such Hr'g[,] 18 U.S.C. § 4241[,] et seq., filed May 15, 2017 (Dkt. No. 15).)

counsel and be released from custody.  <u>See</u> Crim. Mins., filed Dec. 13, 2017 (Dkt. No. 59).  As of the date of the instant order, Ou-Young is under evaluation at a federal medical center.

As the events set forth above show, on or about the date on which Ou-Young filed each of the above-referenced motions, his competency was either in question or he was under an order of commitment for incompetency.  Accordingly, to the extent Ou-Young, by any of the above-referenced written motions, seeks to release Thompson as his attorney and to proceed pro se, said motions are hereby DENIED.  <u>See</u> <u>Bishop</u>, 291 F.3d at 1114; <u>Kowalczyk</u>, 805 F.3d at 857.

Further, in light of such denial, and in light of Ou-Young's continued representation by Thompson as counsel of record, who has not concurred in any of Ou-Young's three above-referenced filings, the remaining requests therein are hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 28, 2018

MAXINE M. CHESNEY
United States District Judge