IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>KUANG BAO OU-YOUNG,<br>Defendant. | Case No. 17-cr-00263-MMC-1<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS, DISQUALIFY, AND RETURN PROPERTY**<br><br>Re: Dkt. No. 84 |

The Court is in receipt of a document, titled "Defendant's . . . Third Motion to Dismiss, Motion to Disqualify U.S. Attorney David L. Anderson and His Office, Third Motion to Disqualify Defense Counsel, Third Motion to Disqualify Judges, and Motion to Return Property," filed pro se, by defendant Kuang Bao Ou-Young ("Ou-Young") on February 1, 2019. By said document, Ou-Young seeks to: (1) dismiss the instant case "with prejudice" (see Mot. at 2:6); (2) disqualify the entire U.S. Attorney's Office, Magistrate Judge Joseph C. Spero, the undersigned, and his appointed attorney James M. Thompson ("Thompson"); and (3) recover property he alleges was seized by the U.S. Marshals Service ("USMS") and the City of Sunnyvale.[1]

On October 31, 2018, the Court found Ou-Young not competent to stand trial. (See Crim. Mins., filed Oct. 31, 2018; Order Finding Def. Not Competent to Stand Trial, filed Oct. 31, 2018 (finding, based on record of case and three forensic evaluation

---

[1] The Court has been advised by the USMS that there is no record reflecting a seizure by the USMS of the property Ou-Young identifies, namely, a "certificate of naturalization" (see Mot. at 11:1–2) and "certificates of title" to two vehicles (see id. at 7), nor has Ou-Young offered evidence of any such seizure having occurred.

1  reports, Ou-Young "suffers from a mental disease or defect (Delusional Disorder,
2  persecutory type)," is "not competent to stand trial in this matter," and is "unable to be
3  restored to competency in the foreseeable future").)[2]

That same date, on motion of the government pursuant to Federal Rule of Criminal Procedure 48(a), the Court dismissed the indictment. (See Crim. Mins., filed Oct. 31, 2018; Not. of Dismissal, filed Oct. 31, 2018); see also Fed. R. Crim. P. 48(a) (providing government "may, with leave of court, dismiss an indictment, information, or complaint").

Because a person whose competence is in question cannot "legally waive his right to counsel," see United States v. Kowalczyk, 805 F.3d 847, 857 (9th Cir. 2015), and given all of the above circumstances, Ou-Young's motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: February 22, 2019

MAXINE M. CHESNEY
United States District Judge

---

[2] Although not directly relevant to the instant motion, the Court also notes Ou-Young, in 2013, was deemed a vexatious litigant, see Ou-Young v. Roberts, No. 13-cv-4442-EMC, 2013 WL 6732118, at *11 (N.D. Cal. Dec. 20, 2013), and has continued to file numerous meritless civil cases in the Northern District of California.